**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


BAIKUNTHA SHARMA, et al.,

        Plaintiffs,                            CASE NO. 07-CV-13508

-vs-                                    PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE


SUPRABHAT PANDEY, et al.,

        Defendants.

_____/

**OPINION AND ORDER**
**GRANTING MOTION TO STAY PROCEEDINGS**

The matter before the Court is Defendants Suprabhat Pandey and MVision L.L.C. ("Defendants") September 24, 2007 Motion to Dismiss, Transfer or Stay Proceedings. (Doc. No. 6). Plaintiffs Baikuntha Sharma and American Links International ("Plaintiffs") filed their Response on October 23, 2007. The Court has determined that oral argument on Defendants' Motion for Dismissal and/or Motion for Summary Judgment is unnecessary. *See* E.D. Mich. L.R. 7.1(e)(2). For the following reasons, the Court **GRANTS IN PART** Defendants' Motion and **STAYS** the action.

## I.    BACKGROUND

This action arises from Plaintiffs' and Defendants' former business relationship. Plaintiff Baikuntha Sharma "Sharma" and Defendant Suprabhat Pandey "Pandey" are both originally from Nepal and were former friends.

Plaintiffs allege that on January 26, 2006, Plaintiff Sharma and Defendant Pandey met at Defendant Sharma's residence in Oakland Township in Michigan. (Am. Compl. ¶ 8). At that

meeting Sharma and Pandey entered into a partnership agreement ("Agreement") to "develop, promote, market, and sell a new wireless real time surveillance system technology" under the name of American Links International. (*Id.* ¶¶ 9, 13). The Agreement allegedly set forth that Sharma would provide the initial capital and be the President of the company. (*Id.* ¶ 12). Pandey would be the Vice-President. (*Id.* ¶ 13). The Agreement also provided that Sharma would pay Pandey's living expenses in the amount of $1,000.00 per month. (*Id.* ¶ 14). Sharma and Pandey agreed to have the technology patented. (*Id.* ¶ 15).

At some point after the Agreement, Pandey allegedly organized his own company, MVision, L.L.C., and began to secure business for the developed technology without Sharma's knowledge. (*Id.* ¶ 23). Sharma contends Pandey discouraged prospective customers from doing business with Sharma. (*Id.* ¶ 29). Pandey contends the technology is lawfully his and has secured or is in the process of securing a patent. (Def. Br. at 4).

On August 13, 2007, Sharma and Pandey met to discuss the possibility of settlement. Defendants allegedly requested a week to respond to Plaintiffs' proposal. (Plf. Resp. at 1). However, Defendants filed a Complaint in Ohio District Court ("Ohio action") against Plaintiffs on August 14, 2007. (Plf. Br. Ex. E, Original Ohio Complaint). In the Ohio action Defendants requested a declaratory judgment regarding the ownership of the patent. (*Id.*).

Defendants subsequently filed an Amended Complaint on August 19, 2007, alleging more facts regarding the citizenship of the parties. (*Id.* Ex. G, Amended Ohio Complaint).

Plaintiffs filed this action ("Michigan Action") on August 20, 2007, arising out of the same business relationship and the same technology, alleging breach of contract and tortious interference with contract or advantageous business relationship or expectancy.

Plaintiffs filed an Amended Complaint in the Michigan Action on September 5, 2007. The Amended Complaint set forth more particularized facts regarding the citizenship of the parties. (Am. Compl. ¶¶ 1-6).

On September 11, 2007, Defendants filed a Motion to Enjoin in the Ohio action seeking an Order from the Ohio Court to prohibit Plaintiffs from proceeding in the Michigan Action. (Plf. Br. Ex. J, Motion to Enjoin). September 14, 2007, Plaintiffs filed a Motion to Dismiss in the Ohio Court. (*Id*. Ex. H, Motion to Dismiss). On September 24, 2007, Defendants sought leave from the Ohio Court to file a Second Amended Complaint. (*Id*. Ex. I, Motion for Leave to File Second Amended Complaint). Defendants' proposed Second Amended Complaint also alleges a breach of contract in addition to the requested declaratory judgment. (*Id*.).

The Ohio Court has yet to rule on: (1) the Motion to Enjoin; (2) the Motion to Dismiss; or (3) the Motion to Amend.

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss

When evaluating a motion to dismiss pursuant to Rule 12(b)(1), the United States Court of Appeals for the Sixth Circuit has instructed:

> When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations omitted).

**B.     Motion to Stay**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254-55 (1936). A party which seeks to stay proceedings "must make out a clear case of hardship or inequity in being required to go foreword, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id*. As a result, the "burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977). The Sixth Circuit has found the decision to stay "ordinarily rests with the sound discretion of the District Court." *Id*.

Also impacting the Court's analysis of Defendants' Motion is the first-to file rule.

The first-to-file rule provides that when suits involving virtually identical parties and issues are pending in separate federal courts, "the entire action should be decided by the court in which [the] action was first filed." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). However, "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. July 31, 2001) (unpublished); *see also AmSouth Bank v. Dale*, 386 F.3d 763, 784-91 & n.8 (6th Cir. 2004) ("[T]he first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action.").

"Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Zide*, 16 Fed. Appx. at 437. Courts have identified three factors in determining whether to apply the first-to-file rule: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp. 2d 899, 903-04 (N.D. Ohio 1999) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991)). "For purposes of first-to-file chronology, the date that an original complaint is filed controls. *Zide*, 16 Fed. Appx. at 437 (citing *Plating Res., Inc. v. Uti Corp.*, 47 F. Supp. 2d 899, 904 (N.D. Ohio 1999).

## III.    ANALYSIS

### A.    Motion to Dismiss

Defendants argue that Plaintiffs' diversity action should be dismissed for that reason that their Complaint fails to allege sufficient fact to provide the Court with subject matter jurisdiction. Defendants contend Plaintiffs have failed to allege the citizenship of any of the parties involved and as a result, the Court lacks subject matter jurisdiction over this action.

Plaintiffs invoke diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendants argue that Plaintiffs have failed to allege the citizenship of each individual party and also failed to adequately allege the principal place of business for the party corporations. Upon review of the Amended Complaint, the Court finds that Plaintiffs have alleged the residence of each individual. Further, Plaintiffs alleged that American Links, International is a "Kentucky corporation, doing business in the State of Michigan." (*Id*. ¶ 2). Plaintiff also further pleads Defendant MVision is "an Ohio Limited Liability Company." (*Id*. ¶ 4).

The Court finds that Plaintiffs have failed to adequately plead the jurisdictional requirements for the corporate parties. Further, Defendants' Motion also indicates that Defendant Pandey's country of citizenship needs to be amended to Nepal rather than Ohio. These deficiencies are easily remedied without prejudice to Defendants by an amended complaint as Defendants have not yet answered the Plaintiffs' Amended Complaint. Further, Defendants have not argued, nor does the Court find, that there exists a lack of diversity between the parties that would make such an amendment futile. *See* Fed. R. Civ. Pro. 15. Therefore, the Court grants the Plaintiffs' leave to file a Second Amended Complaint to remedy the jurisdictional deficiencies in the Amended Complaint.

To the extent Defendants also argue the Court should use its discretion and deny Plaintiffs' leave to amend their Complaint because of the ongoing Ohio action, the Court rejects this argument and discusses the issue *infra*.

B.      **Motion to Stay**

As previously described, the first-to-file rule provides that when suits involving virtually identical parties and issues are pending in separate federal courts, "the entire action should be decided by the court in which [the] action was first filed." *Smith*, 129 F.3d at 361.

It is uncontested between the parties that the Ohio action and the instant suit are duplicative as they involve the identical parties, arise from the same set of facts, and seek resolution of the same alleged breaches of contract. *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp. 2d at 903-04. Further, the first action filed indisputably was Defendants' action filed in Ohio. *See Zide*, 16 Fed. Appx. at 437 (holding that the date of the first action is filed controls).

Plaintiffs' argue that because Defendants' original action did not sufficiently plead jurisdiction, Plaintiffs' action should be considered the first filed action. Plaintiffs rely upon the

recent Sixth Circuit decision in *United States v. Community Health Sys.*, 501 F.3d 493 (6th Cir 2007), for the argument that a "legally infirm" complaint cannot preempt a properly second filed action under the first-to-file rule. (Plf. Br. 9). In *Community*, a party brought a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, alleging that health care providers participated in fraud which resulted in increased reimbursements from Medicaid and Medicare. Plaintiffs appear to rely upon the Sixth Circuit's citation to *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966 (6th Cir. 2005), for its contention that Defendants' Ohio action cannot be considered the first filed suit. *Community*, 501 F.3d at 522-23.

In *Walburn*, another *qui tam* action brought under the FCA, the Sixth Circuit held that where a complaint failed to conform to Fed. R. Civ. P. 9(b), the complaint was infirm at its inception and could not be used to preempt a more specific second filed complaint under the "first-to-file" rule. *Walburn*, 431 F.3d at 972. However, *Walburn* and *Community* both refer to the statutory right of preemption in the context of a *qui tam* action pursuant to 31 U.S.C. § 3735(b)(5). Therefore, neither of these cases has any bearing to the issue at hand.

To the extent Plaintiffs argue Defendants' is not entitled to the benefit of the first-to-file rule because of its forum shopping behavior and the fact it seeks a declaratory judgment, the Court finds these arguments unavailing. After review, the Court does not find evidence of bad faith on the part of Defendants in pursuing their Ohio action. Further, although Defendants originally only sought a declaratory judgment in its original Ohio Complaint, it appears from the proposed Second Amended Complaint, Defendants now seek damages for breach of contract.

In light of these fact, the Court concludes, after careful review, that this case be stayed until resolution of the pending Ohio action, as it was the first action filed and equity so demands.

## IV.    CONCLUSION

For these reasons, the Court **GRANTS IN PART** Defendants' Motion and **STAYS** the proceedings pending resolution of Defendants' suit in the United States District Court for the Southern District of Ohio.

**SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated:  December 27, 2007


CERTIFICATE OF SERVICE


Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 27, 2007.


s/Denise Goodine
Case Manager